UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER SUAREZ, | No. 2:12-cv-2048-KJM-EFB P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C § 1983. Defendant Beard moves to dismiss arguing that plaintiff seeks injunctive relief that falls within the subject matter of a pending class action, *Ashker v. Governor of Cal.*, No. C-09-5796-CW, 2014 U.S. Dist. LEXIS 75347 (N.D. Cal. June 2, 2014). Therefore, Beard contends, the relief plaintiff seeks in this action is barred. As discussed below, Beard's motion should be granted in part and denied in part.

*Ashker* is a class action brought by Pelican Bay prisoners housed in the Security Housing Unit (SHU). The plaintiffs therein assert a due process claim based on the policies and procedures used in assigning them to the SHU for indeterminate terms on the basis of gang validation. *Ashker*, ECF No. 317 at 2-3. The class certified in that action, as relevant here, consists of "all inmates who are assigned to an indeterminate term at the Pelican Bay SHU on

/////

1  the basis of gang validation, under the policies and procedures in place as of September 10,

2  2012."[1] *Id.* at 21.  The *Ashker* plaintiffs seek, in part, an injunction to cure the alleged violations

3  of their Fourteenth Amendment due process rights.  *Id.* at 18.

4      Likewise, in this action, plaintiff challenges certain policies and procedures regarding

5  gang validation and the placement/retention of gang affiliates in the Security Housing Unit at

6  Pelican Bay.  He asserts claims under both the due process and equal protection clauses of the

7  Fourteenth Amendment.  *See* ECF No. 1, ECF No. 43 at 11-17, 19-21, 31.  His prayer for relief

8  includes, among other things, a request for injunctive relief in the form of his release from the

9  SHU, the removal of references in his records to him being affiliated with a prison gang, and the

10 cessation of certain practices by defendants that plaintiff claims violate his rights under the Due

11 Process and Equal Protection Clauses of the Fourteenth Amendment.   ECF No. 1 at 4 & 20.

12     As the Ninth Circuit in *Crawford v. Bell* instructed, this presents "a classic situation where

13 any relief in this court would possibly conflict with, and at least would circumscribe the

14 flexibility of any relief determination (in the other case)."  599 F.2d 890, 892-93 (9th Cir. 1979).

15 Thus, the Ninth Circuit held that a district court may properly dismiss portions of an individual

16 suit that are duplicative of a pending class action in which the plaintiff is a class member.  599

17 F.2d 890, 892-93 (9th Cir. 1979).  *See also Frost v. Symington*, 197 F.3d 348, 359 (9th Cir. 1999)

18 (inmate must bring equitable claims related to class action through class counsel); *McNeil v.*

19 *Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable

20 relief from alleged unconstitutional prison conditions cannot be brought where there is an existing

21 class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To

22 allow individual suits would interfere with the orderly administration of the class action and risk

23 inconsistent adjudications.").

24     As plaintiff is serving an indeterminate term in the Pelican Bay SHU on the basis of a

25 gang validation prior to September 10, 2012, he is a member of the *Ashker* class.  *See* ECF No. 1

---

[1] Because the *Ashker* plaintiffs also allege an Eighth Amendment claim, the district court certified two classes of inmate plaintiffs: a Due Process class and an Eighth Amendment class. *Ashker*, ECF No. 317 at 21.  References herein to the *Ashker* "class" are limited to the Due Process class.

at 1-8.  To the extent that plaintiff seeks an order for the cessation of certain practices that allegedly deprive him of due process, his request duplicates *Ashker*.  Likewise, his request for an order to remediate those alleged violations (i.e., release from the SHU and corrections to his prison records), also duplicates *Ashker*.  Plaintiff's equal protection claims, on the other hand, exceed the scope of *Ashker*.  Therefore, to the extent that plaintiff's injunctive relief claims pertain to his equal protection claims (i.e., to "cease the practice of treating plaintiff differently than similarly situated inmates and to single source his two source items" and to "cease the practice of imposing punitive restriction[s] on validated inmates privileges/property that do not meet legitimate penological interests," ECF No. 1 at 20), they are not barred by *Ashker*.

Accordingly, plaintiff's claims for injunctive relief that are intended to cure the alleged violations of his Fourteenth Amendment due process rights should be dismissed.  *See, e.g., Gonzales v. Brown*, No. 10-cv-1317-CW, 2014 U.S. Dist. LEXIS 153350 (N.D. Cal. Oct. 29, 2014) (dismissing individual action as duplicative of *Ashker* where plaintiff's allegations and prayers for relief were almost identical to the allegations and prayers for relief in *Ashker*).

Accordingly, it is hereby RECOMMENDED that:

1. Defendant Beard's motion to dismiss (ECF No. 58) be granted as to plaintiff's claims for injunctive relief intended to cure the alleged violations of his Fourteenth Amendment due process rights and otherwise denied.
2. Defendant Beard be directed to file an answer to the complaint within 14 days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 29, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE