UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER SUAREZ, | No. 2:12-cv-2048-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al.,[1] | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 30, 2015, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff and defendant have filed objections to the findings and recommendations and defendant has filed a response to plaintiff's objections.

/////

---

[1] Scott Kernan became Secretary of the California Department of Corrections and Rehabilitation (CDCR) in January 2016, following the retirement of Jeffrey Beard effective January 1, 2016. Secretary Kernan is therefore substituted in as a defendant in place of former Secretary Beard. *See* Fed. R. Civ. P. 25(d).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court adopts the recommendations for the reasons set forth in this order.

This matter is before the court on the motion to dismiss brought by former CDCR Secretary Beard.  The magistrate judge recommends that defendant Beard's motion to dismiss be granted as to plaintiff's claims for injunctive relief intended to cure the alleged violations of his Fourteenth Amendment due process rights, but denied to the extent they are intended to cure the alleged violations of his equal protection rights.  Defendant objects, arguing that any equal protection claims against the CDCR Secretary were already dismissed and that the claims against the Secretary "are limited to [plaintiff's] request for the cessation of certain practices that allegedly deprived him of *due process* and his request for an order to remediate those alleged violations."  ECF No. 75 at 3 (emphasis added).  Defendant's objection is not supported by the record.  First, the court did not dismiss plaintiff's equal protection claims.  *See* ECF No. 43 at 19-21; ECF No. 46.  Second, the court did not limit plaintiff's request for injunctive relief to his due process claims.  On June 17, 2014, the undersigned adopted the magistrate judge's findings and recommendations, which construed plaintiff's complaint as including "claims for prospective injunctive relief against the current Secretary of CDCR concerning the challenged CDCR policies and procedures plaintiff identifies in his allegations."  ECF No. 43 at 30-31; ECF No. 46.  The challenged CDCR policies and procedures that plaintiff identifies in his allegations include those tied to his equal protection claims.  For these reasons, defendant's objections are overruled.

Plaintiff objects to the magistrate judge's finding that his due process claims against the Secretary of CDCR fall within the subject matter of a pending class action, *Ashker v. Governor of Cal.*, No. C-09-5796 CW (N.D. Cal.), that plaintiff is a member of the *Ashker* class, and that his due process claims should therefore be dismissed under the authority of *Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979).  As the magistrate judge found, *Crawford* holds that "a district court may properly dismiss portions of an individual lawsuit that are duplicative of a pending class action in which the plaintiff is a class member."  ECF No. 73 at 2.  Plaintiff objects that he is not seeking the same relief here as is sought by the *Ashker* plaintiffs and, in particular, that a

decision in favor of the *Ashker* plaintiffs would not result in plaintiff's release from the Pelican Bay SHU or expungement of the evidence used to validate him as a gang member from his prison file.

Plaintiff's due process claim is a challenge to the quantum of evidence used to validate him as a gang membership and the reliability of the confidential statements relied on during the validation process. *See* ECF No. 43 at 16-17. He seeks relief in the form of orders requiring, *inter alia*, his transfer from the Pelican Bay SHU and expungement from his file of any reference to gang affiliation based on unreliable evidence or evidence insufficient to support a gang validation. *See* ECF No. 1 at 20.

Plaintiff is a member of the *Ashker* class. The *Ashker* plaintiffs seek broad relief concerning policies and procedures regarding placement and retention of gang affiliates in the Pelican Bay SHU, and for the reasons set forth in the findings and recommendations that relief would not be available to plaintiff in this action. Moreover, plaintiff has been transferred from the Pelican Bay SHU, *see* ECF No. 81, and his request for relief from the SHU is therefore moot.

By this action plaintiff also seeks to set aside his gang validation. While plaintiff is a member of the *Ashker* class, the *Ashker* plaintiffs are not challenging individual gang validation determinations. *See* Plaintiffs' Supplemental Complaint, ECF No. 388, filed March 11, 2015 in *Ashker v. Brown*, Case No. 4:09-cv-05796-CW.[2] Plaintiff's remaining due process claim is not duplicative of claims raised in *Ashker* and the expungement of gang validation information from his prison record is not available to him as a member of the *Ashker* class. However, it is settled in this action that the CDCR Secretary is only a defendant to the extent plaintiff seeks relief related "to policies and procedures regarding gang validation and the placement/retention of gang affiliates in the SHU." ECF No. 43 at 29; ECF No. 46. Plaintiff's due process claim challenges his individual validation as a gang member; it does not implicate CDCR policies and procedures regarding gang validation. Thus, even though defendant Beard only sought dismissal on the ground that the relief plaintiff seeks is encompassed by the *Ashker* class action, prior rulings in

---

[2] The court may take judicial notice of the *Ashker* complaint. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

this action establish that he is not a proper defendant on plaintiff's due process claim. For these reasons, plaintiff's due process claim against defendant Beard will be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 30, 2015, are adopted in part, with the above replacing that portion of the magistrate judge's findings that is not consistent with the discussion here;

2. Defendant Beard's motion to dismiss (ECF No. 58) is granted as to plaintiff's claims for injunctive relief intended to cure the alleged violations of his Fourteenth Amendment due process rights and otherwise denied;

3. Scott Kernan is substituted in as a defendant in place of Jeffrey Beard; and

4. Defendant Kernan is directed to file an answer to the complaint within 14 days from the date of this order.

DATED: February 4, 2016

UNITED STATES DISTRICT JUDGE