UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER SUAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No. 2:12-cv-2048-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants Hubbard, Gower, Davey, Marquez, Harrison, St. Andre, Garcia, Harrison, Kokkonen, Tamplen, Williams, White, Furtado, and Kernan (hereafter 'defendants') move for judgment on the pleadings. ECF No. 88. For the reasons stated below, the motion should be granted.

**I.    Procedural Background**

Plaintiff alleges several causes of action against the defendants. First, he alleged that in 2009 they validated him as a gang member and placed him in the Secure Housing Unit ("SHU") without due process, thereby violating his Fourteenth Amendment rights. ECF No. 1 at 15.

/////

/////

1

Second, plaintiff alleged that defendants violated his "state created liberty interest" by placing him in both the administrative segregation unit ("ASU") and the SHU. *Id*. at 15-16. Third, plaintiff claimed that his indefinite retention in the SHU violated the Due Process Clause of the California Constitution. *Id*. at 16. Fourth, he alleged that defendants violated his rights under the Fourteenth Amendment by refusing to combine two pieces of evidence used in his gang validation into a single source, thereby denying him equal protection of the law. *Id*. at 17. Fifth, he alleged that his First Amendment rights were violated by defendants' policies which punished his associations with other prisoners which were not in furtherance of gang activity and which did not violate rules, regulations, or the law. *Id*. Sixth, he claimed that those defendants who held supervisory positions failed to properly train or supervise their subordinates even as they had knowledge that those subordinates were violating plaintiff's rights. *Id*. at 17-18. Seventh, he alleged that defendants violated his equal protection rights by treating him like an inmate who had committed a disciplinary infraction without first charging him with any disciplinary offense. *Id*. at 18. In conjunction with this claim, plaintiff alleged that defendants denied him the privileges and property allowed to general population inmates. *Id*. Eighth, he claimed that defendants' decision to treat him like an inmate who had committed a disciplinary infraction and restricting his privileges and property on that basis also violated his due process rights under the Fourteenth Amendment. *Id*. at 18-19.

On July 12, 2013, defendants filed their first motion to dismiss. ECF No. 22. Plaintiff's California due process claim (Claim Three) was dismissed due to his failure to file a claim with California Victim Compensation and Government Claims Board. ECF No. 43 at 18; ECF No. 46. Plaintiff's First Amendment freedom of association claim (Claim Five) and failure to train and supervise subordinates claim (Claim Six) were also dismissed. *Id*.

A second motion to dismiss was filed on behalf of defendant Kernan.[1] ECF No. 58. It was granted as to plaintiff's claims for injunctive relief intended to cure the alleged violations of his Fourteenth Amendment due process rights. ECF No. 73; ECF No. 83.

---

[1] The motion was originally filed on behalf of defendant Beard. ECF No. 58. Kernan has been substituted in place of Beard. ECF No. 83.

The instant motion seeks judgment on the pleadings.

## II.     Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation marks and alteration omitted). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is similar to a Rule 12(c) motion insofar as it challenges the legal sufficiency of the claims asserted in the complaint. *See Id.* A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the tim[ing] of filing"); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Judgment on the pleadings is appropriate when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(c) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient" to defeat a motion for judgment on the pleadings. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### III. Request for Judicial Notice

Defendants request judicial notice of plaintiff's state court filings and court orders, namely: (1) the online docket for Lassen County Superior Court Case No. CHW2875 (2) plaintiff's habeas petition filed in Case No. CHW2875 on September 1, 2010; (3) the September 13, 2010 Order of the Lassen County Superior Court denying plaintiff's habeas petition; (4) the California Court of Appeal for the Third District Case No. C066250 online docket; (5) plaintiff's habeas petition filed in Case No. C066250 on October 4, 2010; (6) the Order returning plaintiff's case to the Lassen County Superior Court on December 15, 2010; (7) the August 22, 2011 Order of the Lassen County Superior Court denying plaintiff's habeas petition; (8) the California Court of Appeal for the Third District Case No. C069342 online docket; (9) plaintiff's habeas petition filed in Case No. C069342 on October 3, 2011; and (10) the Order of the California Court of Appeal for the Third District denying plaintiff's habeas petition on December 28, 2011. ECF No. 89, Ex. A-J (89-1 through 89-10).

Plaintiff has not raised any objections to judicial notice of these documents in his opposition and it appears that they are proper subjects for such notice. *See also Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 & n.9 (9th Cir. 1987) (taking judicial notice of "pleadings, orders and other papers on file in the underlying bankruptcy case"). Accordingly, defendants' request for judicial notice is granted.

### IV. Analysis

Defendants argue that all of plaintiff's remaining claims are precluded by California's claim preclusion doctrine. Plaintiff brought a habeas action on or about September 1, 2010 in Lassen County Superior Court which challenged his 2009 gang validation and placement in the

4

ASU/SHU. ECF No. 89-2 at 4-11, 14-22.  As noted by defendants, plaintiff specifically challenged the reliability and accuracy of the information used to validate him, the decision not to combine multiple source items, defendants' decision to punish him for affiliation rather than conduct, and the violation of his due process rights by his indefinite assignment to the SHU.  *Id*. The Lassen County Superior Court denied his petition on September 13, 2010.  ECF No. 89-3 at 2.

Plaintiff filed a habeas petition with the California Court of Appeal for the Third Appellate District on October 4, 2010. ECF No. 89-5. The allegations contained in this petition were identical to those raised in the petition before the Lassen County Superior Court. *Id*. at 14-23.  After weighing arguments from the parties, the Court ordered plaintiff's petition returned to the Lassen County Superior Court on December 15, 2010.  ECF No. 89-6.

Counsel was appointed for plaintiff and respondents filed their return in the Lassen County Superior Court on February 7, 2011.  ECF No. 89-1 at 2.  Plaintiff's petition was denied on August 22, 2011, after the Court reasoned that the process by which plaintiff was validated (contained in California Code of Regulations Title 15, Section 3378(c)) was not a violation of his due process rights.  ECF No. 89-7 at 2-3.  The Court also held that the sources used to validate plaintiff met the "some evidence" standard and were not, as he alleged, "laundry lists."  *Id*.

Following this denial, plaintiff filed in the California Court of Appeal for the Third Appellate District a petition for habeas relief on October 3, 2011.  ECF No. 89-9 at 2.  This petition raised the same issues as the previously submitted petitions.  *Id*. at 20.  It was denied on December 28, 2011, when the Court held that the evidence used to validate him was sufficient. ECF No. 89-10 at 2.

It is well settled that the rules of preclusion apply with equal measure to section 1983 actions.  *See Allen v. McCurry*, 449 U.S. 90, 105 (1980).  In determining whether a state court decision is preclusive, federal courts are required to refer to the preclusion rules of the relevant state. *Miofsky v. Superior Court of California*, 703 F.2d 332, 336 (9th Cir. 1983).  Under California law, res judicata or claim preclusion applies where:

> (1) the issues decided in the prior adjudication were identical to the issues raised in the present action, (2) the prior proceeding resulted in a final judgment on the merits, and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication.

*Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053 (Cal. Ct. App. 1998). In determining whether the issues raised in a prior case are identical to the ones raised in the present action California courts apply the 'primary rights' theory under which the violation of one primary right gives rise to a single cause of action. *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975). Specifically:

> [A] cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. Claims are 'identical' if they involve the same 'primary right.'

*Acuna v. Regents of Univ. of Cal.,* 56 Cal. App. 4th 639 (Cal. Ct. App. 1997). Finally, a party has had a full and fair opportunity to litigate if the state proceedings satisfied the minimum requirements of the Fourteenth Amendment's Due Process Clause. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 (1982).

Res judicata bars plaintiff's remaining claims in this suit. First, the previous habeas petitions raised the same claims at issue in this case, namely: (1) the sufficiency of the evidence used to validate him as a gang member, including the decision not to combine separate pieces of evidence into a single source; (2) the failure to grant him an interview during the rebuttal stage of the validation process; (3) the decision to punish him for affiliation rather than conduct; and (4) the length of his confinement in the SHU. ECF No. 89-2 at 4-11, 14-22; ECF No. 89-5 at 14-23; ECF No. 89-9 at 20. These claims plainly invoke his primary right to be free from gang validation and SHU confinement without adequate procedural and substantive due process – the same right which is at issue in this case. Further, the claims are predicated on the same core facts. Plaintiff's habeas petitions resulted in a final judgment on the merits. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (holding that reasoned denials of habeas petitions can form the basis for preclusion). Additionally, the privity element is satisfied even if Warden

6

M.D. McDonald and Secretary Cate were the only parties named in plaintiff's habeas petitions. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.")[2]

The arguments raised by plaintiff's against claim preclusion are unpersuasive. First, he argues that defendants delayed in raising the affirmative defense of res judicata and should not be allowed to invoke the argument at "this late stage." ECF No. 96 at 1-2. But defendants timely raised the affirmative defense of res judicata/issue preclusion in their answer. ECF No. 64 at 4. Plaintiff has not offered any authority which would prevent them from raising the issue in a timely filed answer and litigating its merits in motion for judgment on the pleadings. Second, he contends that the state proceedings could not have awarded him compensatory or punitive damages of the sort he seeks in this action. As noted above, however, merely seeking a different form of relief will not exempt claims that would otherwise be barred by res judicata. *Eichman*, 147 Cal. App.3d 1170 at 1175. Finally, plaintiff argues that his previous habeas petitions did not explicitly raise those equal protection and Fourteenth Amendment claims which assert that his validation and placement in the SHU amounted to disciplinary punishment without a corresponding disciplinary violation. These claims, while cast differently, are still ultimately challenges to his gang validation and placement in segregated housing. As such, they stem from the same primary rights as his habeas petitions and are barred on that basis. Crucially, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery . . . and/or adds new facts supporting recovery." *Id.* at 1174.

For these reasons, plaintiff's claims here are barred. Further, as plaintiff's inability to avoid the res judicata bar renders any amendment futile, this action must be dismissed with prejudice.

---

[2] Plaintiff was, of course, the petitioner in both of his habeas petitions and is the claimant in the present case.

## V.     Recommendation

For the reasons stated above, it is hereby RECOMMENDED that defendants' motion for judgment on the pleadings (ECF No. 88) be granted and that the Clerk be directed to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 2, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE